## ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Great America Construction Company ) ASBCA No. 60831
)
Under Contract No. W56SGK-13-C-0002 )

APPEARANCE FOR THE APPELLANT: Mr. Mansour Alamyar
Vice President and PM

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Douglas A. Reisinger, JA
Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

The parties agreed to submit this dispute for AFN 1,298,000 (about $18,700) under Board Rule 11. The parties agreed to a briefing schedule that called for simultaneous opening briefs due on 15 September 2017. The government filed a brief but appellant did not. The Board attempted to contact appellant to inquire whether it intended to file a brief but appellant has not responded to the Board's emails and the telephone number on file for appellant is no longer valid. We deny the appeal.

### FINDINGS OF FACT

Appellant entered into a contract with an award date of 25 October 2012 for sanitation and maintenance support services at a facility in Afghanistan (R4, tabs 1, 3). The base contract period expired on 30 April 2013 (R4, tab 3 at 34). On 28 April 2013, a contract specialist informed appellant that the government would not exercise an option to extend the contract (R4, tab 25).

The contracting officer and appellant thereafter signed a memorandum that stated in relevant part:

> You are hereby notified that your contract period of
> performance will expire on 30 April 2013. Unless
> otherwise notified in writing by the Contracting Officer
> (KO), you are not authorized to continue performance
> beyond this date. Funding is not available beyond this
> period, unless otherwise indicated by the KO. The
> Contracting Officer's Representative (COR) does not have

the authority to authorize service or commit the Government in any other manner. Any service provided beyond this date shall be considered "at no additional cost" to the Government. The Government shall not be held liable for services rendered outside the scope of the contract period of performance.

(R4, tab 30 at 2)

More than six months later on 17 November 2013, appellant signed a release that states as follows:

I hereby certify that the subject contract is paid in full. The undersigned contractor hereby releases the US Government, its officers, agents[,] and employees of and from all liabilities, obligations, claims, appeals, and demands which it now has or hereafter may have, whether known or unknown, administrative or judicial, legal or equitable arising under or in any way related to the services provided.

(R4, tab 51)

Nearly three years later, on 1 August 2016, appellant submitted a certified claim to the contracting officer in which it contended that a contracting officer, whom it did not identify, had requested an additional month of services. Appellant stated that it had performed those services but did not state when it had performed them. (R4, tab 56) The contracting officer denied the claim on 29 September 2016 (R4, tab 62). Appellant then filed a timely appeal with the Board.

Appellant attached an email to its complaint. The email dated 27 September 2013, is purportedly from "Debra J. Parker, Acquisition Analyst, CACI Contractor Support to CENTCOM." The email purports to state that a "COR" approved an extra month of services at AFN 1,298,000. The email does not identify the COR or specify the dates of service. Nor has appellant produced a written order for the extra services.

The government has submitted an affidavit from Ms. Parker. She testified that she did not submit the email in question (pointing to irregularities in grammar and the absence of phrases she typically employed) and that she was not an employee of the U.S. Government at the time period in question (ex. G-1). We find her testimony to be credible.

2

We find that appellant has not proven that it performed one month of additional services, nor has it proven that an authorized representative of the government ordered the extra work.

## DECISION

Our finding that appellant has not proven that it performed the extra work in question is fatal to this appeal. *See Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994) (en banc). However, we further observe that the weight of the evidence indicates that appellant completed the contract work, received payment in full, and signed a release of claims more than seven weeks after the purported email from Ms. Parker in which she allegedly confirmed performance of the extra work. Accordingly, even if appellant had performed the extra work, it released the government from liability. *Bell BCI Co. v. United States*, 570 F.3d 1337 (Fed. Cir. 2009).

## CONCLUSION

The appeal is denied.

Dated: 13 February 2018

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60831, Appeal of Great America Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4